# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| TERRANCE GORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     5:16-cv-01265-VEH-JEO |
| | ) |
| CHRISTOPHER GORDY, Warden of | ) |
| Limestone Correctional Facility, et al, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This is a habeas corpus case filed by Petitioner Terrance Gore, an Alabama state prisoner acting *pro se*. (Doc. 1 at 1). Gore is imprisoned at the Limestone Correctional Facility in Harvest, Alabama. (Doc. 1 at 1). He is serving a 20-year sentence imposed on February 11, 2014, by the Circuit Court of Jefferson County, Alabama, after Gore pled guilty to a charge of attempted rape in the first degree. (Doc. 3 at 3, ¶ (b)). On January 26, 2017, the magistrate judge to whom the action was referred entered a Report and Recommendation, *see* 28 U.S.C. § 636(b), recommending that habeas relief be denied on the basis that Gore is "a person in custody pursuant to the judgment of a State court" for purposes of 28 U.S.C. § 2254(a) and that his habeas

petition is barred by the one-year limitations period of 28 U.S.C. § 2244(d)(1). (Doc. 10, "R&R"). Gore has now filed objections to the R&R. (Doc. 13).

All of Gore's objections are founded upon his continued insistence that he filed his habeas corpus petition under the sole authority of the general habeas statute, 28 U.S.C. § 2241. Because that is so, he claims, his petition is not subject to the one-year limitations period of 28 U.S.C. § 2244(d)(1), which applies only to habeas applications filed by persons "in custody pursuant to the judgment of a State court" under 28 U.S.C. § 2254(a). Although he maintains that he is not such a "person," Gore does not deny that an Alabama state circuit court formally entered a judgment that, on its face, justifies his custody for a felony conviction under Alabama criminal law. Indeed, a copy of that judgment is in the record. (Doc. 1 at 18-23). Gore claims, however, that, as a result of numerous alleged procedural defects in his criminal proceedings, the state court acted "without jurisdiction," rendering its "purported judgment" against him a "complete nullity." (*See* R&R at 3).

Gore's objections are frivolous. That Gore repeatedly asserts that the state court acted without jurisdiction and that its judgment was therefore "void ab initio" simply does not make it so. The judicial tribunal that imposed the criminal judgment in Gore's case is a duly constituted Alabama state circuit court that had subject-matter jurisdiction to hear and determine the felony charge against him. *See* Ala. Code § 12-

11-30; *Ex parte Seymour*, 946 So. 2d 536, 538-39 (Ala. 2006). As the magistrate judge explained in the R&R, Gore's habeas petition is plainly governed by 28 U.S.C. § 2254 and is therefore subject to the restrictions imposed on such petitions, including the one-year limitations period of 28 U.S.C. § 2244(d)(1). And as the magistrate judge further recognized, that statute of limitations makes no exception for claims going to the jurisdiction of the state court that imposed the judgment. And, finally, Gore makes no argument that his petition is somehow timely filed if § 2244(d)(1) applies, which, again, it does.

    Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's Report and Recommendation and the Petitioner's Objections thereto, the court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. Petitioner's Objections are **OVERRULED**. As a result, the petition for writ of habeas corpus is due to be denied and this action is due to **DISMISSED WITH PREJUDICE**. Furthermore, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), RULES GOVERNING § 2254 PROCEEDINGS. A separate Final Order will be entered.

**DONE** this 16th day of March, 2017.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge